IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGELIO CORONA-CUEVAS,
Petitioner,
v.
GUY HALL,
Respondent.

Civil No. 06-743-ST

FINDINGS AND RECOMMENDATION

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Attorney for Petitioner

Hardy Myers
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

///

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging the validity of his underlying guilty pleas on the basis that he suffered from ineffective assistance of trial counsel. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (docket #32) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On May 6, 2003, the Marion County Grand Jury indicted petitioner with two counts of Driving While Under the Influence of Intoxicants, two counts of Manslaughter in the First Degree, Assault in the Second Degree, Assault in the Third Degree, and Recklessly Endangering Another Person. Respondent's Exhibit 102. The charges arose out of two separate automobile accidents caused by petitioner's intoxication.

Petitioner entered guilty pleas to two counts of Driving While Under the Influence of Intoxicants, two counts of Manslaughter, and one count of Assault in the Second Degree, leading the State to dismiss the remaining counts. Respondent's Exhibits 103, 104. The trial court followed the State's sentencing recommendation and imposed consecutive sentences totaling 360 months in prison. Respondent's Exhibit 105, pp. 24-27.

Petitioner did not file a direct appeal, but did file for post-conviction relief ("PCR") in Umatilla County where the PCR

trial court denied relief on all of his claims. Respondent's Exhibits 111, 112. On appeal, petitioner's attorney was not able to identify "any arguably meritorious issue on appeal." Respondent's Exhibit 113, p. 3. Petitioner raised ineffective assistance of counsel claims *pro se*, and the State moved for summary affirmance. Respondent's Exhibit 114. The Oregon Court of Appeals granted the State's Motion for Summary Affirmance, and the Oregon Supreme Court denied review. Respondent's Exhibits 115, 117.

On November 30, 2007, petitioner filed his Amended Petition for Writ of Habeas Corpus in which he alleges that trial counsel's performance violated the Sixth and Fourteenth Amendments when counsel failed to:

1. Fully and adequately advise petitioner that he could receive a prison sentence totaling 30 years;

2. Ensure that petitioner's guilty pleas were knowing, voluntary, and intelligent;

3. Mount any argument or engage in any advocacy at sentencing in order to seek a sentence less than the 30 years recommended by the prosecution; and

4. Affirmatively seek concurrent or partially concurrent sentences so that the total sentence could be less than the 30 years of incarceration advocated by the prosecution and imposed by the court.

Respondent asks the court to deny relief on the Amended Petition because Grounds Three and Four are procedurally defaulted, and all of petitioner's claims lack merit.

**DISCUSSION**

**I. Exhaustion and Procedural Default**

**A. Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and, therefore, are not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a

claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B. <u>Analysis</u>**

In Grounds Three and Four, petitioner alleges that counsel failed to advocate for a lesser sentence than he actually received, and failed to seek concurrent or partially concurrent sentences in order to reduce the sum total of his incarceration. The focus of petitioner's Appellant's Brief with respect to sentencing, however, was on counsel's purported failure to object to the 360-month sentence on the basis that it was "excessive and improper" because it violated the Supreme Court's ruling in *Blakely v. Washington,* 542 U.S. 296 (2004), that a court cannot impose a departure sentence beyond the statutory maximum based on evidence neither admitted by the defendant nor proven to a jury beyond a reasonable doubt. Respondent's Exhibit 113, p. 7 (citing *Blakely*, *Apprendi vs New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), and resulting state cases).

Ineffective assistance of counsel claims are discrete, and must be specifically presented to a state court in order to avoid procedural default. *Carriger v. Stewart*, 971 F.2d 329, 333-34 (9th

Cir. 1992), *cert. denied*, 507 U.S. 992 (1993). The failure of an attorney to offer a sentencing alternative, request concurrent sentences, or otherwise attempt to obtain a more favorable sentence for his client is distinct from any failure on counsel's part to object to an allegedly illegal sentence under *Blakely*.

Because Grounds Three and Four raise issues which are distinct from the *Blakely* issue presented to the Oregon state courts, petitioner failed to fairly present Grounds Three and Four. As he may no longer present these claims for state consideration, they are procedurally defaulted. Petitioner does not argue cause and prejudice or attempt to make a colorable showing of actual innocence sufficient to excuse the default.

## II. The Merits

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**B. <u>Analysis</u>**

**1. <u>Ground One: Length of Potential Sentence</u>**

In Ground One, petitioner alleges that trial counsel rendered ineffective assistance when he failed to fully and adequately inform him that he could receive a 30-year sentence. The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. *Strickland v. Washington*,

466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

During his PCR trial, petitioner testified that counsel informed him that the maximum sentence he could receive as a result of his guilty pleas was 14 or 15 years. Respondent's Exhibit 111, p. 6. Counsel, on the other hand, submitted an affidavit to the PCR trial court in which he attested that he "discussed at length, with the assistance of interpreter Sharon Edwards, what [petitioner's] likely sentence would be if he pled guilty or was convicted." Respondent's Exhibit 110, ¶ 2. According to counsel's affidavit, petitioner indicated that he deserved whatever sentence would be imposed, and counsel "believe[d] [petitioner] understood

that he was likely to receive a sentence in the range of 30 years." *Id* at ¶ 3.

The PCR trial court resolved this credibility contest in counsel's favor, finding that petitioner received "full advice from capable counsel, that he was made aware of the extensive sentences that could be imposed and, unfortunately for him, those sentences were pretty much carried out by Judge Wilson." Respondent's Exhibit 111, p. 13. The court presumes this factual finding to be correct, unless petitioner is able to introduce clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

Petitioner argues that the PCR trial court should not have credited counsel's affidavit because counsel did not appear at the PCR trial in person and was not subject to cross-examination. He further contends that counsel's affidavit was equivocal because he was only able to attest that he "believe[d]" that petitioner understood that he was likely to receive a 30-year sentence.

The evidence to which petitioner directs the court does not constitute clear and convincing evidence that counsel failed to adequately advise petitioner of the potential sentence he faced. Taking the PCR trial court's factual finding as true, the court concludes that counsel's performance did not fall below an objective standard of reasonableness.

Moreover, petitioner fails to prove that he was prejudiced by counsel's alleged error because it appears that he still would not

have gone forward with a trial. During his PCR trial, petitioner testified that had he known that he would be sentenced to 30 years in prison, he would not have proceeded to a jury trial and instead "would have went for an offer because they didn't give me an offer. They didn't give me anything, but I don't need a trial, but I wanted them to give me a good offer." Respondent's Exhibit 111, p. 7. Accordingly, the PCR trial court's decision with respect to Ground One was neither contrary to, nor an unreasonable application of, clearly established federal law.

**2. Ground Two: Knowing and Voluntary Pleas**

Petitioner also asserts that counsel failed to ensure that the guilty pleas were knowing, voluntary, and intelligent. Due process requires that a defendant's guilty plea be voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A guilty plea is voluntary if it is given by a defendant who is fully aware of the direct consequences of his plea. *Mabry v. Johnson*, 467 U.S. 504, 509 (1984); *Brady v. United States*, 397 U.S. 742, 755 (1970).

The PCR trial court concluded as a matter of law that "petitioner made a voluntary, knowing, and intelligent plea to the charges involved." Respondent's Exhibit 111, p. 13. This conclusion is supported by the record which reveals that prior to pleading guilty, petitioner signed a plea petition which explained his rights, informed him that he faced a maximum sentence of 65

years in prison with a mandatory minimum sentence of 310 months, and instructed him that the trial court had the authority to require him to serve his sentences consecutively. Respondent's Exhibit 103. Petitioner signed the plea petition, which was translated into Spanish for him. *Id* at 5. At his change of plea hearing, petitioner indicated that he had reviewed his options with counsel and understood the rights he was waiving by pleading guilty. Respondent's Exhibit 104, pp. 2-4. He also informed the court that he was able to communicate through his interpreter. *Id* at 2.

Based on this record, the court concludes that petitioner entered his guilty pleas knowingly, intelligently, and voluntarily. For this reason, the PCR trial court's decision denying relief on his Ground Two claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

**RECOMMENDATION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (docket #32) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

**SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due June 27, 2008. If no objections are filed, then the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this 10th day of June, 2008.

/s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge